**1:24 CV 0604**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OHIO

Tariq Shabazz,
Plaintiff,

v.

Frank LaRose, in his official capacity as the Ohio Secretary of State,

Defendant.

**JUDGE BRENNAN**
**MAG. JUDGE GREENBERG**

FILED
APR 0 2 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

I, Tariq Shabazz, a Black American, a VA-recognized Service-connected disabled veteran, and an Independent candidate (Official Write-in) aspiring to represent Ohio in the United States Senate, hereby submit this complaint. My candidacy represents a challenge against systemic barriers that disproportionately disenfranchise Black Americans, disabled individuals, and particularly those who, like myself, wish to serve their country further by participating in its democratic process.

1. Introduction

This complaint arises from the discriminatory and burdensome ballot access laws enforced by the State of Ohio, specifically under Ohio Revised Code sections 3513.05 and 3513.257. These laws, I argue, are unconstitutional under the First and Fourteenth Amendments and violate the Americans with Disabilities Act (ADA) and the Voting Rights Act of 1965. They impose an unreasonable burden on independent candidates, particularly those from marginalized communities, including Black Americans and individuals with disabilities.

2. Parties

Tariq Shabazz, an individual residing in the District of Ohio, is a distinguished U.S. Navy Veteran who honorably served his country for five years on active duty followed by three years in the Inactive Ready Reserve.
During his tenure in the Navy, Mr. Shabazz held the position of Aviation Electronics Technician, a role that required a high level of skill, precision, and dedication.
Throughout his service, Mr. Shabazz developed a wide array of service-connected disabilities, which have been officially recognized by the Department of Veterans Affairs. Despite these challenges, Mr. Shabazz remains committed to public service and is an aspiring independent candidate for the United States Senate representing the state of Ohio. His candidacy seeks to

Receipt # 151081 $405.00 4/2/2024 cmH

address and rectify systemic barriers that disenfranchise segments of the population, including Black Americans and individuals with disabilities.
Mr. Shabazz's commitment to democracy and equal representation drives his legal challenge against the State of Ohio's restrictive and discriminatory ballot access laws.
**Address:**Tariq Shabazz-5455 n marginal rd apt 509 Cleveland, Ohio

Frank LaRose, in his official capacity as the Ohio Secretary of State, is named as the primary defendant in this action. Mr.
LaRose is responsible for overseeing the administration of elections within the state, including the enforcement of ballot access laws and regulations that govern the eligibility and procedures for candidates seeking elected office. The office of the Secretary of State is the chief elections officer of Ohio, tasked with ensuring the integrity, fairness, and accessibility of the electoral process. Mr. LaRose's office is responsible for implementing the statutes and regulations being challenged as unconstitutional and discriminatory in this complaint.
**Address:Secretary of State**- 180 Civic Center Dr, Columbus, OH 43215, United States

3. Jurisdiction and Venue

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and the Voting Rights Act of 1965 (52 U.S.C. § 10101 et seq.). Additionally, this court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and further relief as may be necessary and proper. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Factual Background and Challenges

Under Ohio Revised Code section 3513.05, candidates wishing to run for the United States Senate are required to submit a petition signed by a number of electors. For independent candidates, this number is significantly higher than that required of candidates affiliated with major political parties. Additionally, Ohio Revised Code section 3513.257 stipulates the process for collecting and verifying these signatures but does not accommodate the unique challenges faced by candidates with disabilities, nor does it account for the systemic barriers encountered by Black Americans.

The combined requirements and restrictions of these statutes impose a disproportionate burden on my candidacy, reflective of broader systemic biases that favor established political interests over independent and minority voices. The prohibition of online signature gathering further exacerbates these challenges, particularly in light of my disability and the ongoing need for accessible campaign strategies.

5. Claims for Relief

A. Violation of the First and Fourteenth Amendments: The signature requirements as outlined in Ohio Revised Code sections 3513.05 and 3513.257, along with the prohibition of online signature gathering, impose an undue burden on the political speech and equality of independent, Black American candidates, violating the First and Fourteenth Amendments of the U.S. Constitution.

B. Violation of the Americans with Disabilities Act (ADA): The lack of accommodation for candidates with disabilities in the signature collection and verification process, as stipulated by Ohio Revised Code sections 3513.05 and 3513.257, constitutes discrimination based on disability, in violation of the ADA.

C. Violation of the Voting Rights Act of 1965: The disparate impact of Ohio's ballot access laws on Black Americans and other minorities, as codified in Ohio Revised Code sections 3513.05 and 3513.257, constitutes a violation of the Voting Rights Act of 1965, which prohibits racial discrimination in voting.

6. Prayer for Relief

I respectfully request the Court to:
a. Declare the signature requirements and restrictions outlined in Ohio Revised Code sections 3513.05 and 3513.257 unconstitutional;
b. Issue an injunction placing my name on the ballot for the U.S. Senate election as an official candidate (Independent);
c. Evaluate the compliance of Ohio's ballot access laws with the Americans with Disabilities Act and the Voting Rights Act of 1965, ordering necessary adjustments to ensure compliance;
d. Award attorney's fees, costs, and disbursements in this action under 42 U.S.C. § 1988 and other applicable laws;
e. Grant appointed counsel for legal purposes and covered the costs associated with legal action.
F. Grant such other and further relief as the Court may deem just and proper.

*[signature]*

TARIQ SHABAZZ

5455 N MARGINAL RD APT 509
CLEVELAND, OH